IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAHID PARHAM | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 25-416 |
| | : | |
| DR. LAUREL HARRY, THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA | : : : : | |

# ORDER

**AND NOW**, this 29th day of January 2026, upon careful and independent review of the Petition (ECF 1) for writ of habeas corpus from a state court conviction under 28 U.S.C. § 2254, the Response (ECF 17), Judge Cinquanto's exhaustive Report recommending we deny the Petition (ECF 21), Petitioner's January 22, 2026 (based on the postmark from the Facility) timely Objections to Judge Cinquanto's Report and Recommendation (ECF 27) based entirely on objections not pleaded in the Petition (ECF 1) and now untimely, all documents in the record, finding no basis for an evidentiary hearing or for a certificate of appealability, and for good cause, it is **ORDERED** we:

    1.    **OVERRULE** Petitioner's Objections (ECF 27)[1];

    2.    **APPROVE AND ADOPT** Judge Cinquanto's Report and Recommendation (ECF 21);

    3.    **DISMISS** and **DENY** the Petition for writ of habeas corpus (ECF 1) with prejudice;

    4.    **DENY** a certificate of appealability after finding no basis for an evidentiary hearing[2]; and,

5.   **DIRECT** the Clerk of the Court **close** this case.

                                                        KEARNEY, J.

---

[1] Shahid Parham objects to Judge Cinquanto's Report and Recommendation based entirely on arguments he did not present in his January 23, 2025 habeas petition filed on January 23, 2025. *Compare* ECFs 1, 21, and 27. He seeks habeas relief claiming ineffective assistance of counsel focused on counsel's failure to provide cases and argument regarding the burglary charge and not moving for reconsideration with the relevant notes of testimony regarding the same charge. He now objects to Judge Cinquanto's analysis of his habeas arguments by claiming his post-conviction counsel did not present claims of ineffectiveness of preliminary hearing counsel (regarding discovery) and sentencing counsel and failing to raise a claim of judicial misconduct. ECF 27. But these objections are not part of Mr. Parham's habeas claims and would have been known when he moved for habeas relief last January.

Our Local Rule of Civil Procedure 72.1.IV(c) requires "[a]ll issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge." *See also* ECF 12 ¶ 3 (Order referring case to magistrate judge with similar language). We cannot consider claims raised for the first time in objections to the Report and Recommendation. Mr. Parham knew of these claims at the time of conviction or shortly after he exhausted his post-conviction remedies. We cannot consider these new claims as objections to Judge Cinquanto's analysis.

Mr. Parham's objections as new claims are also untimely. Judge Cinquanto explained Mr. Parham needed to seek habeas relief on or before February 26, 2025. *See* ECF 21 at 4 n.6 (detailed calculation of habeas limitations period). He moved for habeas relief on January 23, 2025. ECF 1. Mr. Parham's new claims presented as objections on January 22, 2026 (based on the Facility's postmark (ECF 27 at 6) are untimely by approximately eleven months.

We otherwise studied Judge Cinquanto's detailed analysis. ECF 21. We agree and approve her Report and Recommendation addressing the timely claims require we deny habeas relief.

[2] We find no basis for a certificate of appealability. A certificate of appealability may issue only if Mr. Parham makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Parham satisfies this standard by showing "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists could not disagree with our resolution of Mr. Parham's claims.

Although Mr. Parham did not request an evidentiary hearing, we find "[t]he record conclusively shows [he] is entitled to no relief" and "[n]o hearing is necessary to rule on this matter." *United States v. Maldonado*, No. 10-288, 2016 WL 4206371, at *6 (E.D. Pa. Aug. 9, 2016) (citing 28 U.S.C. § 2255(b)).